**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Lorenzo GRADO–MEZA, Defendant–
Appellant.**

**No. 14–50094.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 21, 2015.\*

Filed Jan. 27, 2015.

Alex Markle, Special Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Sarah Rose Weinman,· Trial, Federal Defenders Of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

MEMORANDUM \*\*

Lorenzo Grado–Meza appeals from the district court's judgment and challenges the 36–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Grado–Meza contends that the district court procedurally erred by (1) "triple-

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

counting" Grado–Meza's prior convictions, (2) focusing exclusively on deterrence and protection of the public, and (3) failing to explain adequately its reasons for rejecting Grado–Meza's mitigating arguments and imposing the above-Guidelines sentence. These contentions fail. The court did not err by varying upward based on Grado–Meza's criminal history. *See United States v. Christensen,* 732 F.3d 1094, 1100–01 (9th Cir.2013) (court may vary upward based on factors already incorporated into the Guidelines calculations). Moreover, the record reflects that the court considered the 18 U.S.C. § 3553(a) factors and sufficiently explained the reasons for imposing the sentence. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc).

Grado–Meza also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Grado–Meza's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Grado–Meza's criminal and immigration history. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586; *see also United States v. Gutierrez–Sanchez,* 587 F.3d 904, 908 (9th Cir.2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**